IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| RONNIE BARTON #1792342 | § | |
| v. | § | CIVIL ACTION NO. 9:13cv118 |
| STATE OF TEXAS, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Ronnie Barton, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Barton complained of an incident which occurred on January 18, 2013, in which he was allegedly spat upon by a guard and then given a false disciplinary case. After review of the pleading, the Magistrate Judge issued a Report recommending that Barton's *in forma pauperis* status be revoked and that the lawsuit be dismissed. The Magistrate Judge observed that Barton had filed at least three previous lawsuits or appeals which had been dismissed as frivolous or for failure to state a claim, and so was subject to the provisions of 28 U.S.C. §1915(g). That statute provides that inmates who have filed at least three previous lawsuits or appeals which have been dismissed under 28 U.S.C. §1915(g) cannot proceed under the *in forma pauperis* statute unless they show that they are in imminent danger of serious physical injury.

In the present case, the Magistrate Judge concluded that Barton failed to show that he was in imminent danger of serious physical injury as of the time that the lawsuit was filed. Because allegations of past harm do not show "imminent danger," the Magistrate Judge concluded that Barton

failed to trigger the "imminent danger" exception to §1915(g), and recommended that the lawsuit be dismissed on this basis.

Barton received a copy of the Magistrate Judge's Report on July 8, 2013, but filed no objections thereto; accordingly, he is barred from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Douglass v. United Services Automobile Association, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

The Court has carefully reviewed the pleadings and documents in this case, as well as the Report of the Magistrate Judge. Upon such review, the Court has concluded that the Report of the Magistrate Judge is correct. It is accordingly

ORDERED that the Report of the Magistrate Judge (docket no. 7) is hereby ADOPTED as the opinion of the District Court. It is further

ORDERED that the Plaintiff Ronnie Barton's *in forma pauperis* status is hereby REVOKED. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as to the refiling of another *in forma pauperis* lawsuit raising the same claims as herein presented, but without prejudice to the refiling of this lawsuit without seeking *in forma pauperis* status and upon payment of the statutory filing fee. It is further

ORDERED that should the Plaintiff pay the full filing fee within 15 days after the date of entry of final judgment in this case, he shall be allowed to proceed in the lawsuit as through the full fee had been paid from the outset. Because Barton is ineligible to proceed *in forma pauperis*, the full filing fee is $400.00. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

So **ORDERED** and **SIGNED** this **13** day of **August, 2013.**

_____
Ron Clark, United States District Judge